IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TARRAN KYLES,                          ◊
                                       ◊
         Plaintiff,                    ◊
                                       ◊
VS.                                    ◊          No. 06-1032-T/An
                                       ◊
DONNA TURNER, ET AL.,                  ◊
                                       ◊
         Defendants.                   ◊

---

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
ORDER IMPOSING $500 MONETARY SANCTION
AND
ORDER REITERATING RESTRICTIONS ON FILING PRIVILEGES

---

Plaintiff Tarran Kyles, Tennessee Department of Correction prisoner number 123535, an inmate at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee on January 10, 2006.[1]  District Judge Robert Echols issued an order on January 10, 2006 assessing the civil filing fee using the installment payment procedure set forth in 28 U.S.C. § 1915(b) and transferring the case to this district, where it was docketed on February 6, 2006.  The Clerk shall record the defendants as Investigator

---

[1]  The complaint apparently was received in the Middle District of Tennessee on December 28, 2005.

Donna Turner; District Attorney James W. Thompson; Judge Whit LaFon;[2] and Investigator J.R. Golden.[3]

The complaint in this case arises out of the state prosecution of the plaintiff in the Madison County Circuit Court for felony murder and especially aggravated robbery. The plaintiff was sentenced to life without parole for the murder and a consecutive term of thirty-five years for the especially aggravated robbery. The conviction was affirmed on direct appeal, State v. Kyles, No. 02C01-9807-00203, 1999 WL 498536 (Tenn. Crim. App. July 15, 1999), *perm. app. denied* (Tenn. Nov. 29, 1999). The dismissal of the petitioner's state postconviction petition also was affirmed on appeal, Kyles v. State, No. W2000-02152-CCA-R3-PC, 2001 WL 1042155 (Tenn. Crim. App. Dec. 17, 2001). This Court dismissed the plaintiff's habeas petition pursuant to 28 U.S.C. § 2254 as time-barred, Kyles v. Bell, No. 05-1260-T/An (W.D. Tenn. dismissed Nov. 4, 2005).

This plaintiff has previously filed nine lawsuits that were dismissed for failure to state a claim or as frivolous. See Kyles v. Woolfork, et al., No. 96-1009 (W.D. Tenn. dismissed as frivolous Feb. 13, 1996); Kyles v. Woolfork, et al., No. 96-1031 (W.D. Tenn. dismissed as frivolous Feb. 13, 1996); Kyles v. Woolfork, et al., No. 96-1037 (W.D. Tenn. dismissed as frivolous Apr. 24, 1996); Kyles v. Allen, et al., No. 96-1038 (W.D. Tenn. dismissed as frivolous Apr. 24, 1996); Kyles v. Woolfork, et al., No. 96-1083 (W.D. Tenn. dismissed as

---

[2] In the complaint, plaintiff incorrectly spelled defendant LaFon's name as "LaFont".

[3] Although only defendants Turner and Lafon are listed on the case caption and on p. 4 of the form complaint, the intention to name the other parties is evident on p. 5 of the form complaint (Statement of Facts and Relief Requested) and in the first page of the handwritten attachment.

frivolous Apr. 24, 1996); <u>Kyles v. Woolfork, et al.</u>, No. 96-1084 (W.D. Tenn. dismissed as frivolous Apr. 24, 1996); <u>Kyles v. LaFon</u>, No. 96-1085 (W.D. Tenn. dismissed as frivolous and sanctions imposed Apr. 24, 1996); <u>Kyles v. Woolfork, et al.</u>, No. 96-1092 (W.D. Tenn. dismissed as frivolous Apr. 24, 1996); <u>Kyles v. Turner, et al.</u>, No. 97-1035 (W.D. Tenn. dismissed as frivolous Feb. 25, 1997).  Pursuant to 28 U.S.C. § 1915(g), if a prisoner plaintiff has had three or more actions or appeals dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, he may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.[4]

        As previously stated, in this lawsuit plaintiff seeks monetary damages due to his prosecution on the charges on which he is currently incarcerated.  The complaint contains no allegation that the plaintiff is in imminent danger of serious physical injury; therefore, this complaint does not come within the exception to 28 U.S.C. § 1915(g).

        The form complaint filed by this plaintiff does not disclose his previous lawsuits and, instead, answers "no" to the question, "Have you . . . filed any other lawsuits in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?".  As a result of plaintiff's misrepresentation, Judge Echols afforded the plaintiff the benefit of the installment-payment provisions of 28 U.S.C. § 1915(b), to which he is plainly

---

        [4] Plaintiff filed a recent version of this complaint in this district on December 10, 2005, and it was erroneously docketed despite the sanctions order.  The Court issued an order on January 12, 2006 dismissing the complaint, assessing the civil filing fee, and imposing a $250 monetary sanction due to the plaintiff's misrepresentation about his previous lawsuits.  <u>Kyles v. Turner, et al.</u>, No. 05-1368-T/An (W.D. Tenn.).

not entitled.

On April 24, 1996, the Court in <u>Kyles v. Woolfork, et al.</u>, No. 96-1085 (W.D. Tenn.),

imposed restrictions on plaintiff's filing privileges:

> The court reprimands Tarran Kyles by means of this order.  The court further ORDERS that plaintiff file no further lawsuits of any type with this court unless he first requests leave of the court and complies with the other requirements of this order.  The court will require Kyles to file an affidavit similar to that required by the district court in <u>Winslow v. Romer</u>, 759 F. Supp. 670, 683-85 (D. Colo. 1991).  Additionally, he must file any further complaints . . . on a form available from the clerk of court.  The Clerk shall not send Kyles more than 1 complaint form and 1 <u>in</u> <u>forma</u> <u>pauperis</u> application form per quarter, and shall not respond to such requests within three months of the most recent request.  Any request for such a form must be made in writing by [Kyles] himself, in a letter that shall not exceed one sheet of paper.

> To request leave of court, plaintiff shall file, along with any future complaint:
> 1) a motion requesting permission of the court to file;
> 2) an affidavit certifying under penalty of perjury that:
>    a) he has read and understood Rule 11 of the Federal Rules of Civil Procedure;
>    b) that the complaint contains claims he knows to be reasonably based in law and fact;
>    c) that he is aware that filing any further frivolous actions will result in the imposition of sanctions by the court; and
>    d) that either:
>       1) none of the defendants to the new action were defendants in any previous action that was dismissed as frivolous; <u>OR</u>
>       2) that some of the defendants to the new action were defendants in a previous action that was dismissed as frivolous, but that the plaintiff has compared the claims in the frivolous case with the claims in the new case, and that he does not seek to sue those defendants on any claims that could have been litigated in that case.
>    e) The affidavit shall further certify that he has been

4

> sanctioned by this court in this case, and state the style, jurisdiction, and docket number of this action.
>
> Any complaint submitted by plaintiff without this motion and affidavit will not be filed but . . . will be immediately returned to the plaintiff for failure to comply with this Order.  Furthermore, the court will then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account.
>
> The Clerk of Court is ORDERED not to file, open on this court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Id. at 10-12 (emphasis omitted).  The plaintiff has not complied with the sanctions order in that, *inter alia*, he did not submit a motion requesting leave to file or the affidavit required by the order.  Instead, he submitted his latest complaint to the Middle District, without disclosing his previous lawsuits, in a transparent attempt to circumvent the restrictions imposed by this Court's sanctions order.

As the sanctions order imposed in case no. 96-1085 does not address the treatment of cases filed in other districts that are transferred to this district, the Court will address the merits of the plaintiff's complaint.  The complaint alleges that defendants Turner and Golden had plaintiff falsely arrested without any evidence on the murder charge for which he was convicted.  Defendants Thompson and LaFon are also allegedly responsible for the murder charge against plaintiff.  The complaint suggests that perjured testimony was introduced at the plaintiff's trial.  The complaint seeks money damages.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

      (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

      (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's complaint is subject to dismissal in its entirety.

First, the plaintiff cannot obtain money damages from defendants Thompson and LaFon in their official capacities, as those claims are, in effect, asserted against the State of Tennessee.  <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991); <u>Kentucky v. Graham</u>, 473 U.S. 159, 164-65 (1985); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 101-02 (1984).  Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court.  <u>Graham</u>, 473 U.S. at 165-66; <u>Pennhurst</u>, 465 U.S. at 98-100; <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).  Tennessee has not waived its sovereign immunity.  Tenn. Stat. Ann. § 20-13-102(a).  Accordingly, these claims are barred by the Eleventh Amendment.[5]  The Court DISMISSES the complaint as to defendants Thompson and LaFon in their official capacities pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2).

Second, the plaintiff's claims against defendant LaFon in his individual capacity are barred by absolute judicial immunity.  <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991) (per curiam); <u>Stump v. Sparkman</u>, 435 U.S. 349, 359-60 (1978); <u>Pierson v. Ray</u>, 386 U.S. 547,

---

[5]  Plaintiff's claim pursuant to 42 U.S.C. § 1983 against the State of Tennessee is also subject to dismissal on the ground that a state is not a person within the meaning of 42 U.S.C. § 1983.  <u>Lapides v. Board of Regents of the Univ. Sys. of Ga.</u>, 535 U.S. 613, 617 (2002); <u>Will v. Michigan</u>, 491 U.S. 58, 71 (1989).

553-54 (1967); DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999); Barnes

v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997); King v. Love, 766 F.2d 962, 965 (6th Cir.

1985).  This immunity also extends to any claims against a judge arising under Tennessee

law.  Cashion v. State, No. 01A01-9903-BC-00174, 1999 WL 722634, at *3-*5 (Tenn. Ct.

App. Sept. 17, 1999); Heath v. Cornelius, 511 S.W.2d 683 (Tenn. 1974).  The Court

DISMISSES the complaint as to defendant LaFon pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)

and § 1915A(b)(2).

Third, plaintiff has no claim against defendant Thompson in his individual capacity

based on his handling of the plaintiff's criminal prosecution and subsequent postjudgment

filings and petitions.  This action seeks damages purely for court-related activities, for which

the prosecutors are protected by absolute immunity.  See Imbler v. Pachtman, 424 U.S. 409,

427-28 (1976); Burns v. Reed, 500 U.S. 478, 490-492 (1991); Grant v. Hollenbach, 870 F.2d

1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).  The Court

DISMISSES the complaint as to defendant Thompson pursuant to 28 U.S.C. § 1915(e)

(2)(B)(iii) and § 1915A(b)(2).

Finally, because the plaintiff's conviction has not been overturned, he cannot maintain

this lawsuit against any defendant.  As the Supreme Court has explained:

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff
> must prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages

bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (emphasis in original; footnotes omitted).

Thus, a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is ended in his favor, an existing conviction is set aside, or the confinement is declared illegal.  <u>Id.</u> at 481-82; <u>Schilling v. White</u>, 58 F.3d 1081, 1086 (6th Cir. 1995).  In this case, the plaintiff's efforts to appeal his conviction, or otherwise to challenge his confinement, have failed and, therefore, he cannot obtain money damages from any defendant. For that additional reason, the complaint must be DISMISSED, as to all defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

The next issue to be addressed is whether an appeal in this case would be taken in good faith.  The good faith standard is an objective one.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u>  Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*.  <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of the appellate filing fee if plaintiff appeals the dismissal of this case.[6]  As this is the tenth dismissal of one of plaintiff's cases for failure to state a claim or as frivolous, 28 U.S.C. § 1915(g) bars him from taking an appeal using the installment-payment provisions of § 1915(b).  Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if plaintiff files a notice of appeal, he is required to remit the entire $455 appellate filing fee within thirty days of filing that notice.  If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that court may dismiss his appeal.  If the appeal is dismissed, it will not be reinstated thereafter even if he does pay the filing fee.  Cf. McGore v. Wrigglesworth, 114 F.3d 601, 609-10 (6th Cir. 1997).

As previously stated, this case was erroneously filed in the Middle District of Tennessee, where plaintiff was permitted to take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) because he did not disclose his previous complaints and, instead, falsely represented that he had not previously filed any lawsuits in any other federal court.  The Court hereby IMPOSES a sanction in the amount of $500 due to the plaintiff's

---

[6]  Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

deliberate misrepresentation about his previous cases and the filing of yet another case raising the same issues that had previously been decided adversely to the plaintiff.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall withdraw from the plaintiff's trust fund account the sum of $500 and forward that amount to the Clerk of this Court. If the funds in plaintiff's account are insufficient to pay the full amount of the sanction, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the $500 sanction is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the sanction, provided that any balance under $10 is held in custody for purposes of paying the sanction and is promptly remitted to the Clerk when sufficient funds are deposited into the plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN  38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.  If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including an additional monetary fine or further restrictions on the plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the RMSI.  The Clerk is further ORDERED to forward a copy of this order to the warden of the RMSI to ensure that the custodian of the plaintiff's inmate trust account complies with that portion this order pertaining to the payment of the monetary sanction.

The Court REAFFIRMS the filing restrictions that were imposed in case no. 96-1085. In addition, in order to preclude any future attempts by this plaintiff to circumvent the restrictions imposed in case no. 96-1085, the plaintiff is ADVISED that the restrictions set forth in that case will, from this day forward, be fully applicable to any cases filed in any other court that are removed or transferred to this district.  If the plaintiff files a new lawsuit in any other court, he is ORDERED to advise that Court that (i) he has previously had ten cases dismissed for failure to state a claim or as frivolous and is, therefore, subject to the provisions of 28 U.S.C. § 1915(g); and (ii) that this Court has imposed restrictions on his filing privileges in case no. 96-1085 and in this case.  The Clerk is ORDERED not to file any

11

new action submitted by this plaintiff until the monetary sanction imposed by this order has

been paid in full.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.


 s/ **James D. Todd**_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE